**JUDGE GOTTSCHALL**

UNITED STATES DISTRICT C**MAGI**STRATE JUDGE DENLOW
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. **08 CR 296** |
| ) | |
| v. ) | |
| ) | Violations: Title 18, United States |
| DORIS J. HAMILTON and ) | Code, Section 371; Title 26, United |
| MARIA G. ISUNZA ) | States Code, Sections 7201 and 7203 |

**COUNT ONE**

**FILED**

The SPECIAL JUNE 2007 GRAND JURY charges:

APR 1 0 2008

1. At times material to this indictment:

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

   a. The Internal Revenue Service was an agency of the United States Department of the Treasury ("IRS"), which, among other things, collected federal income taxes, interest, and penalties which were due and owing from persons and corporations.

   b. One method by which the IRS collected taxes and penalties, which were due and owing, was by issuing levies against the wages, salary, and income of taxpayers who were delinquent in their tax payments. To facilitate the execution of a levy, the IRS could serve a taxpayer's employer with an IRS Form 668-W ("Notice of Levy on Wages, Salary, and Other Income"), which directed that the wages, salary, and other income of the taxpayer be paid to the IRS in satisfaction of the taxpayer's taxes and penalties owed.

   c. Property Advisors, Ltd., which operated under the name Re/Max Advisors ("Re/Max"), was a real estate brokerage company which operated offices in Wood Dale and Deer Park, Illinois.

   d. Beginning in approximately 2001, Defendant DORIS J. HAMILTON was a

licensed real estate broker and salesperson affiliated as an independent contractor with Re/Max.

e.  Defendant MARIA G. ISUNZA was a licensed real estate salesperson affiliated as an independent contractor with Re/Max. Defendant ISUNZA was a member of a real estate sales team headed by defendant HAMILTON.

f.  Bank Account A was a business checking account held at Bank One, N.A. Defendant HAMILTON and her husband were the sole signatories on Bank Account A.

g.  Bank Account B was a business checking account held at Bank One, N.A. Defendants HAMILTON and ISUNZA were the sole signatories on Bank Account B.

2.  Defendant HAMILTON earned gross income in tax years 1995, 1997, and 1998 from a company named Glen Oaks II, but failed to file any federal income tax return for those years with the Internal Revenue Service.

3.  On or about February 13, 2003, the IRS served Re/Max with an IRS Form 668-W notifying Re/Max that defendant HAMILTON owed the IRS approximately $273,301.93 in delinquent taxes, interest, and penalties for the tax years 1995, 1997, and 1998.

4.  From in or around March 2003, and continuing until at least on or about April 30, 2004, in Deer Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

DORIS J. HAMILTON and
MARIA G. ISUNZA,

defendants herein, did knowingly conspire and agree with each other, and with others known and unknown to the Grand Jury, to defraud the United States of taxes due and owing by defendant HAMILTON, by impeding, impairing, and obstructing the lawful functions of the IRS, an agency of the United States, in the exercise of its lawful governmental functions, namely, the correct ascertainment, computation, assessment, and collection of defendant HAMILTON's federal income

taxes, and interest and penalties due and owing.

5. It was part of the conspiracy that defendants HAMILTON and ISUNZA agreed with each other to take steps to:

    a. create the false appearance that Re/Max commission income payments, which had been earned by, or which were due to defendant HAMILTON, had, in fact, been earned by defendant ISUNZA;

    b. conceal from the IRS commission income received by defendant HAMILTON during the years 2003 and 2004;

    c. cause Re/Max to submit false information, or fail to report required information, to the IRS concerning defendants HAMILTON's and ISUNZA's income for the years 2003 and 2004; and

    d. conceal from the IRS income of defendant HAMILTON which was subject to the IRS Form 668-W levy issued against her wages, salary, and other income.

## OVERT ACTS

7. In furtherance of the conspiracy and to effect its objectives, defendants HAMILTON and ISUNZA committed and caused to be committed the following overt acts:

    a. Defendant HAMILTON informed Re/Max's owner that she would cease receiving commission payments from Re/Max until she resolved the issue of the levy with the IRS.

    b. Defendant HAMILTON continued to work with Re/Max, continued to represent clients in real estate transactions, and continued to serve as a leader for the sales team on which defendant ISUNZA was a member.

    c. Defendant HAMILTON directed Re/Max to issue commission payment

checks in the name of defendant ISUNZA, which were deposited into Bank Account A and used to pay defendant HAMILTON's personal and business expenses, thereby, diverting her gross income from Re/Max from herself to defendant ISUNZA and concealing her income from commission checks. Such checks included, but were not limited to:

    i.    A check dated March 11, 2003, in the amount of $6,473, which related to a real estate transaction involving a property in Highland Park, Illinois;

    ii.    A check dated July 28, 2003, in the amount of $5,000, which related to a real estate transaction involving a property in Chicago;

    iii.    A check dated September 29, 2003, in the amount of $6,925, which related to a real estate transaction involving a property in Chicago; and

    iv.    A check dated April 30, 2004, in the amount of $7,025, which related to a real estate transaction involving a property in Maywood, Illinois.

    c.    Defendant HAMILTON directed that Re/Max place checks issued in the name of defendant ISUNZA in defendant HAMILTON's office mailbox at Re/Max.

    d.    Defendants HAMILTON and ISUNZA engaged in conduct to conceal defendant HAMILTON's assets from detection by the IRS, including, but not limited to:

    i.    On or about May 6, 2003, defendant ISUNZA drafted a check payable in the amount of $4,800 and drawn on Bank Account B, which was used to pay the lease on defendant HAMILTON's residence;

    ii.    On or about June 8, 2003, defendant ISUNZA drafted a check payable in the amount of $4,800 and drawn on Bank Account B, which was used to pay the lease on defendant HAMILTON's residence; and

    iii. By at least in or around November 2003, and continuing through in or around December 2004, defendants HAMILTON and ISUNZA obtained access to, and began using an American Express credit card account, which had been fraudulently opened using the name and social security number of another person. By using this credit card account, which was not linked to either defendant HAMILTON and ISUNZA's credit records, the defendants were able to conceal from the IRS funds they received and spent.

  e. Defendants HAMILTON and ISUNZA caused Re/Max to issue to defendant ISUNZA IRS Form 1099s which substantially overstated her 2003 and 2004 commission income.

  f. Defendants HAMILTON and ISUNZA caused Re/Max to issue to defendant HAMILTON an IRS Form 1099 which substantially under reported her 2003 commission income.

  g. Defendants HAMILTON and ISUNZA failed to file their respective federal income tax returns (Forms 1040) for the tax years 2003 and 2004.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates the allegations set forth in paragraphs 1, 3, and 7 of Count One of this indictment as though fully set forth herein.

2. During the tax year 1995, defendant DORIS J. HAMILTON was a resident of Illinois, and had total income of, at least, $141,850.

3. Upon said total income, defendant HAMILTON's total tax owed to the United States of America was approximately $31,200.

4. By reason of this income, defendant HAMILTON was required by law, following the close of the tax year 1995, and on or before April 15, 1996, to make an income tax return to the Internal Revenue Service and to pay the income tax due and owing thereon.

5. Throughout calendar year 1995, and continuing to on or about April 30, 2004, in the Northern District of Illinois,

DORIS J. HAMILTON,

defendant herein, well knowing all of the foregoing facts, did willfully attempt to evade and defeat the income tax due and owing by her to the United States of America for the 1995 tax year by committing the following affirmative acts of evasion:

    a. in 1995, defendant HAMILTON earned gross income of approximately $141,850 but did not file a federal income tax return;

    b. for the tax year 1995, defendant HAMILTON did not pay federal taxes due and owing in the amount of approximately $26,728;

    c. in 2002, the Internal Revenue Service served defendant HAMILTON with a

deficiency letter, which notified her that she owed approximately $78,162 in taxes and penalties due and owing for the tax year 1995, however, defendant HAMILTON failed to make any required payments to the IRS;

    d.    causing Re/Max to issue commission income checks in 2003 and 2004 to defendant MARIA G. ISUNZA despite the fact that defendant HAMILTON was entitled to such commissions, and did, in fact, receive such commissions into her bank account and use them to pay her personal and business expenses; and

    e.    causing Re/Max to issue defendant HAMILTON a false IRS Form 1099 for the tax year 2003, which substantially understated her true income received;

In violation of Title 26, United States Code, Section 7201.

## **COUNT THREE**

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates the allegations set forth in paragraphs 1, 3, and 7 of Count One of this indictment as though fully set forth herein.

2. During the tax year 1997, defendant DORIS J. HAMILTON was a resident of Illinois, and had total income of, at least, $57,695.

3. Upon said total income, defendant HAMILTON's total tax owed to the United States of America was approximately $5,748.

4. By reason of this income, defendant HAMILTON was required by law, following the close of the tax year 1997, and on or before April 15, 1998, to make an income tax return to the Internal Revenue Service and to pay the income tax due and owing thereon.

5. Throughout tax year 1997, and continuing to on or about April 30, 2004, in the Northern District of Illinois,

DORIS J. HAMILTON,

defendant herein, well knowing all of the foregoing facts, did willfully attempt to evade and defeat the income tax due and owing by her to the United States of America for the 1997 tax year by committing the following affirmative acts of evasion:

    a.    in 1997, defendant HAMILTON earned gross income of approximately $57,695 but did not file a federal income tax return;

    b.    for the tax year 1997, defendant HAMILTON did not pay federal taxes due and owing in the amount of approximately $4,572;

    c.    in 2002, the Internal Revenue Service served defendant HAMILTON with a

deficiency letter, which notified her that she owed approximately $45,823 in taxes and penalties due and owing for the tax year 1997, however, defendant HAMILTON failed to make any required payments to the IRS;

   d. causing Re/Max to issue commission income checks in 2003 and 2004 to defendant MARIA G. ISUNZA despite the fact that defendant HAMILTON was entitled to such commissions, and did, in fact, receive such commissions into her bank account and use them to pay her personal and business expenses; and

   e. causing Re/Max to issue defendant HAMILTON a false IRS Form 1099 for the tax year 2003, which substantially understated her true income received;

   In violation of Title 26, United States Code, Section 7201.

## COUNT FOUR

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates the allegations set forth in paragraphs 1, 3, and 7 of Count One of this indictment as though fully set forth herein.

2. During the tax year 1998, defendant DORIS J. HAMILTON was a resident of Illinois, and had total income of, at least, $58,157.

3. Upon said total income, defendant HAMILTON's total tax owed to the United States of America was approximately $6,011.

4. By reason of this income, defendant HAMILTON was required by law, following the close of the tax year 1998, and on or before April 15, 1999, to make an income tax return to the Internal Revenue Service and to pay the income tax due and owing thereon.

5. Throughout tax year 1998, and continuing to on or about April 30, 2004, in the Northern District of Illinois,

DORIS J. HAMILTON,

defendant herein, well knowing all of the foregoing facts, did willfully attempt to evade and defeat the income tax due and owing by her to the United States of America for the 1998 tax year by committing the following affirmative acts of evasion:

   a. in 1998, defendant HAMILTON earned gross income of approximately $58,157 but did not file a federal income tax return;

   b. for the tax year 1998, defendant HAMILTON did not pay federal taxes due and owing in the amount of approximately $5,261;

   c. in 2002, the Internal Revenue Service served defendant HAMILTON with a

deficiency letter, which notified her that she owed approximately $54,340 in taxes and penalties due and owing for the tax year 1998, however, defendant HAMILTON failed to make any required payments to the IRS;

   d. causing Re/Max to issue commission income checks in 2003 and 2004 to defendant MARIA G. ISUNZA despite the fact that defendant HAMILTON was entitled to such commissions, and did, in fact, receive such commissions into her bank account and use them to pay her personal and business expenses; and

   e. causing Re/Max to issue defendant HAMILTON a false IRS Form 1099 for the tax year 2003, which substantially understated her true income received;

   In violation of Title 26, United States Code, Section 7201.

## COUNT FIVE

The SPECIAL JUNE 2007 GRAND JURY further charges:

During calendar year 2001, in the Northern District of Illinois, Eastern Division,

DORIS J. HAMILTON,

defendant herein, a resident of the Northern District of Illinois, had and received gross income of approximately $123,598; by reason of such gross income she was required by law, following the close of the calendar year 2001 and on or before April 15, 2002, to make an individual income tax return to the Director of the Internal Revenue Service Center, Midwest Region, Kansas City, Missouri, or to the District Director of the Internal Revenue Service for the Internal Revenue District of Chicago, at Chicago, in the Northern District of Illinois, or to any other proper officer of the United States, stating specifically the items of her gross income and any deductions and credits to which she was entitled; well knowing all the foregoing facts, she willfully did fail to make an income tax return to said Director of the Internal Revenue Service Center, to said District Director of the Internal Revenue Service, or to any other proper officer of the United States;

In violation of Title 26, United States Code, Section 7203.

## COUNT SIX

The SPECIAL JUNE 2007 GRAND JURY further charges:

During calendar year 2002, in the Northern District of Illinois,

DORIS J. HAMILTON,

defendant herein, a resident of the Northern District of Illinois, had and received gross income of approximately $113,602; by reason of such gross income she was required by law, following the close of the calendar year 2002 and on or before April 15, 2003, to make an individual income tax return to the Director of the Internal Revenue Service Center, Midwest Region, Kansas City, Missouri, or to the District Director of the Internal Revenue Service for the Internal Revenue District of Chicago, at Chicago, in the Northern District of Illinois, or to any other proper officer of the United States, stating specifically the items of her gross income and any deductions and credits to which she was entitled; well knowing all the foregoing facts, she willfully did fail to make an income tax return to said Director of the Internal Revenue Service Center, to said District Director of the Internal Revenue Service, or to any other proper officer of the United States;

In violation of Title 26, United States Code, Section 7203.

## COUNT SEVEN

The SPECIAL JUNE 2007 GRAND JURY further charges:

During calendar year 2003, in the Northern District of Illinois,

DORIS J. HAMILTON,

defendant herein, a resident of the Northern District of Illinois, had and received gross income of approximately $48,064; by reason of such gross income she was required by law, following the close of the calendar year 2003 and on or before April 15, 2004, to make an individual income tax return to the Director of the Internal Revenue Service Center, Midwest Region, Kansas City, Missouri, or to the District Director of the Internal Revenue Service for the Internal Revenue District of Chicago, at Chicago, in the Northern District of Illinois, or to any other proper officer of the United States, stating specifically the items of her gross income and any deductions and credits to which she was entitled; well knowing all the foregoing facts, she willfully did fail to make an income tax return to said Director of the Internal Revenue Service Center, to said District Director of the Internal Revenue Service, or to any other proper officer of the United States;

In violation of Title 26, United States Code, Section 7203.

## COUNT EIGHT

The SPECIAL JUNE 2007 GRAND JURY further charges:

During calendar year 2004, in the Northern District of Illinois,

DORIS J. HAMILTON,

defendant herein, a resident of the Northern District of Illinois, had and received gross income of approximately $114,354; by reason of such gross income she was required by law, following the close of the calendar year 2004 and on or before April 15, 2005, to make an individual income tax return to the Director of the Internal Revenue Service Center, Midwest Region, Kansas City, Missouri, or to the District Director of the Internal Revenue Service for the Internal Revenue District of Chicago, at Chicago, in the Northern District of Illinois, or to any other proper officer of the United States, stating specifically the items of her gross income and any deductions and credits to which she was entitled; well knowing all the foregoing facts, she willfully did fail to make an income tax return to said Director of the Internal Revenue Service Center, to said District Director of the Internal Revenue Service, or to any other proper officer of the United States;

In violation of Title 26, United States Code, Section 7203.

## COUNT NINE

The SPECIAL JUNE 2007 GRAND JURY further charges:

During calendar year 2002, in the Northern District of Illinois,

MARIA G. ISUNZA,

defendant herein, a resident of the Northern District of Illinois, had and received gross income of approximately $27,435; by reason of such gross income she was required by law, following the close of the calendar year 2002 and on or before April 15, 2003, to make an individual income tax return to the Director of the Internal Revenue Service Center, Midwest Region, Kansas City, Missouri, or to the District Director of the Internal Revenue Service for the Internal Revenue District of Chicago, at Chicago, in the Northern District of Illinois, or to any other proper officer of the United States, stating specifically the items of her gross income and any deductions and credits to which she was entitled; well knowing all the foregoing facts, she willfully did fail to make an income tax return to said Director of the Internal Revenue Service Center, to said District Director of the Internal Revenue Service, or to any other proper officer of the United States;

In violation of Title 26, United States Code, Section 7203.

## COUNT TEN

The SPECIAL JUNE 2007 GRAND JURY further charges:

During calendar year 2003, in the Northern District of Illinois,

MARIA G. ISUNZA,

defendant herein, a resident of the Northern District of Illinois, had and received gross income of approximately $28,356; by reason of such gross income she was required by law, following the close of the calendar year 2003 and on or before April 15, 2004, to make an individual income tax return to the Director of the Internal Revenue Service Center, Midwest Region, Kansas City, Missouri, or to the District Director of the Internal Revenue Service for the Internal Revenue District of Chicago, at Chicago, in the Northern District of Illinois, or to any other proper officer of the United States, stating specifically the items of her gross income and any deductions and credits to which she was entitled; well knowing all the foregoing facts, she willfully did fail to make an income tax return to said Director of the Internal Revenue Service Center, to said District Director of the Internal Revenue Service, or to any other proper officer of the United States;

In violation of Title 26, United States Code, Section 7203.

## COUNT ELEVEN

The SPECIAL JUNE 2007 GRAND JURY further charges:

During calendar year 2004, in the Northern District of Illinois,

MARIA G. ISUNZA,

defendant herein, a resident of the Northern District of Illinois, had and received gross income of approximately $27,966; by reason of such gross income she was required by law, following the close of the calendar year 2004 and on or before April 15, 2005, to make an individual income tax return to the Director of the Internal Revenue Service Center, Midwest Region, Kansas City, Missouri, or to the District Director of the Internal Revenue Service for the Internal Revenue District of Chicago, at Chicago, in the Northern District of Illinois, or to any other proper officer of the United States, stating specifically the items of her gross income and any deductions and credits to which she was entitled; well knowing all the foregoing facts, she willfully did fail to make an income tax return to said Director of the Internal Revenue Service Center, to said District Director of the Internal Revenue Service, or to any other proper officer of the United States;

In violation of Title 26, United States Code, Section 7203.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY